CHARLOTTE EVANS AND ANOTHER v. E. A. V. MURRAY AND OTHERS.

The last clause of the second section of the Statute of Frauds, (O & W. Dig., art. 937,) is not applicable to an interest in remainder in goods and chattels, created by a will or a deed duly proved and recorded in another State, wherein the property was situated when disposed of by such instrument, and when, by the laws of such State, the title in remainder had become fully vested.

In this case, the plaintiffs, who took an estate in a slave by remainder, under a will executed, proved, and recorded in Kentucky, but never recorded in this State, were held to be entitled, after the termination of the particular estate, to recover the slave from the vendee of the holder of the particular estate, notwithstanding that the holder of the particular estate, and also the vendee, had held possession of the slave in this State for more than three years before the termination of the particular estate.

APPEAL from Fayette. Tried below before the Hon. George W. Smith.

Suit by the appellees against the appellants, instituted January 16th, 1857, for the recovery of a negro boy named Bill, and his hires.

The main facts of this case are identical with those of the case of Lafferty's Executor v. E. A. V. Murray and others, ante. 372. The boy sued for in this case was one of the sons of the woman received by Martha Lafferty under the will of her father, and was sold by Lafferty and his wife to J. C. Ragsdale, in October, 1846, and by Ragsdale, in 1849, to A. L. Vail.

A. L. Vail being dead, this suit was brought against the defendants as guardians of his minor son, and against his married daughter and her husband.

The pleadings were the same in substance as in the case above referred to. In this case, also, the plaintiffs had verdict and judgment for the boy, or his value, and for his hires since the death of Mrs. Lafferty. A new trial being refused to the defendants, they appealed.

Evans v. Murray.

*Tate & Shropshire*, for the appellants.—The facts in this case are similar to those in that of Lafferty's Executor against Murray and others.    The only point of material difference is, that in this case Ragsdale, the purchaser from Lafferty and wife, sold to Vail, *a stranger*, as heirs of whom the appellants claim, whilst, in the case referred to, Ragsdale sold back to W. D. Lafferty, appellant's intestate, who was the husband of Mrs. Lafferty, the daughter of Bowdry.

Should the court decide that Lafferty is not entitled to protection under the statute of frauds, by reason of his being the husband of the owner of the life estate, then we ask the favorable consideration of the court for Vail's heirs, the appellants in this case, whose ancestor purchased the slave in controversy in 1849, after three years possession of Ragsdale, the purchaser from Mrs. Lafferty.

*W. G. Webb*, for the appellees.

Moore, J.—The judgment of the court below is affirmed, upon the authority of the opinion delivered in the case of W. D. Lafferty's Executor v. E. A. V. Murray and others.

Judgment affirmed.